**Bob CURTIS, Plaintiff and Appellant**

v.

**Jerry FEURHELM, Frank Seitzinger, and Robert Seegers, Defendants and Appellees,**

and

**Al Cochran, Don Emmick, Emery Vlotho, and Ted Jensen, Defendants.**

No. 13855.

Supreme Court of South Dakota.

Argued Feb. 17, 1983.

Decided June 29, 1983.

Charles Rick Johnson of Johnson, Eklund & Davis, Gregory, for plaintiff and appellant; Jana Miner, Legal Intern., Gregory, on brief.

Gary Monserud of Banks & Johnson, Rapid City, for defendants and appellees, Frank Seitzinger and Robert Seegers; Ann Jones of Banks & Johnson, Rapid City, on brief.

Gene N. Lebrun of Lynn, Jackson, Shultz & Lebrun, Rapid City, for defendant and appellee, Jerry Feurhelm.

TSCHETTER, Circuit Judge.

Appellant sought to·disregard the corporate entity and impose liability on appellees, who were corporate directors, for a corporate check given to appellee. The first appeal was remanded to the circuit court with directions to determine whether factors other than fraudulent representation existed that would justify piercing the corporate veil. *Curtis v. Vlotho*, 313 N.W.2d 469 (S.D.1981) (*Curtis I*). On remand, the trial court entered judgment for appellees. Appellant again appeals. We affirm.

Reference is made to the first appeal for a statement of facts. On remand, none of the parties asked to submit additional evidence, nor was any additional evidence taken. The trial court found additional facts based on the testimony submitted at trial.

In *Curtis I,* the trial court only considered whether the corporate entity should be disregarded because of fraudulent representation. We instructed the trial court to consider other factors within the scope of appellant's pleadings, including (1) undercapitalization; (2) failure to observe corporate formalities; (3) absence of corporate records; (4) payment by the corporation of individual obligations; and (5) use of the corporation to promote fraud, injustice, or illegality. *Curtis v. Vlotho, supra.*

## UNDERCAPITALIZATION

Though the financial condition of the corporation had deteriorated seriously when the nonsufficient funds check sued on was issued, the trial court found that, less than a year prior to the issuance of the check, the corporation had a net worth of $203,000 and therefore the corporation was not undercapitalized at its inception. In addition, initial capitalization of $100,000 was provided by the shareholders-directors and $103,000 was injected during the operation of the corporation. As stated by the Supreme Court of Wisconsin, *In Re Mader's Store for Men, Inc.,* 77 Wis.2d 578, 254 N.W.2d 171, 188 (1976), "... By equipping the corporation with a reasonable amount of capital, the shareholders have assumed an appropriate proprietary risk for the nature of the business involved, and the law has not required more." Considering the nature of the business contemplated, the possibility of obtaining additional financing for the operation, and the initial capitalization and contributions by the appellees, we agree with the trial court's finding that the corporation was not undercapitalized. See *Mobridge Community Industries Inc., v. Toure,* 273 N.W.2d 128 (S.D. 1978).

## FAILURE TO OBSERVE CORPORATE FORMALITIES

Up until a few months prior to the issuance of the check to appellant, the corporation's accountant made regular financial statements, the board of directors met, and an annual shareholders meeting was held. Although the corporate meeting proceedings and books of record hardly qualify as models, the trial court found that the absence of formal board of directors' meetings for a seven-month period did not constitute a failure to observe corporate formalities sufficient to require a piercing of the corporate veil. The record shows that despite some lack of formality, the manager of the enterprise operated by the corporation was in contact with the directors during the months prior to when the check was issued to appellant. "[M]ere failure upon occasion

to follow all the forms prescribed by law for the conduct of corporate activities will not justify [disregard of the corporate entity]." *Larson v. Western Underwriters Inc.,* 77 S.D. 157, 164, 87 N.W.2d 883, 887 (1958) (in dictum quoting *P.S. & A. Realties, Inc., v. Lodge Gate Forest, Inc.,* 205 Misc. 245, 127 N.Y.S.2d 315 (1954).

## USE OF CORPORATE FUNDS FOR PAYMENT OF INDIVIDUAL OBLIGATIONS

The trial court found there was insufficient proof that corporate funds were used to pay any of the directors' individual obligations.

The directors personally guaranteed corporate indebtedness; purchased hogs from the corporation, and injected personal contributions into the corporation.

## USE OF THE CORPORATION TO PROVIDE FRAUD, INJUSTICE, UNFAIRNESS OR ILLEGALITY

The trial court found that there was no fraud or illegality in the acts of the directors. The existence of an injustice and unfairness is apparent. The appellant is out his feed and has not received payment. But this unfairness and injustice cannot be attributed to the directors. The dealings were with the corporation. The plaintiff was not misled by any acts of the directors. *See, Mobridge Community Industries, Inc., v. Toure, supra.* The directors attempted in good faith to keep the corporation afloat. The appellant dealt at arms length with the corporation through the manager of the corporation and no impropriety was shown to have existed in the conduct of the manager.

As was stated in *Mobridge Community Industries, Inc., v. Toure, supra,* at 132 and reiterated in *Curtis I, supra,* at 472, "[i]n deciding whether the corporate veil will be pierced, we recognize that 'each case is sui generis and must be decided in accordance with its own underlying facts.'"

In this case the facts do not lead to the conclusion that the corporate entity was organized for the primary purpose of being a shield against individual liability. The corporation was organized with sufficient financial underpinning to be a viable enterprise. When the corporation began to suffer financial reversals, the directors did not seek to use the entity as a ruse, but contributed substantial capital in the form of cash, contributions in kind, and guarantees. The enterprise's deep financial troubles were due to the vicissitudes of the hog market and other forces beyond the control of the directors. None of the factors pleaded by appellant were present that would justify piercing the corporate veil and finding appellees liable.

Our review of the trial court's decision does not leave us with a definite and firm conviction that the trial court was mistaken in making the findings concerning the factors that justify ignoring the corporate entity. *In Re Estate of Hobelsberger,* 85 S.D. 282, 181 N.W.2d 455 (1970), *Mobridge Community Industries, Inc., v. Toure, supra.*

We therefore affirm.

All the Justices concur.

TSCHETTER, Circuit Judge, sitting for HENDERSON, J., disqualified.